IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRANKLIN D. ANTILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-99-181-S-BLW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DAVID PASKETT, Warden IMSI; CHAD SOMBKE, Chief Psychologist; CORPORAL BLAMIER, Correctional Officer, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| FRANKLIN D. ANTILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-99-0202-S-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID PASKETT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's Motion for Order to Show Cause (Docket No. 164). Having reviewed the pending Motion and the record before the Court, it has determined that the Motion for Order to Show Cause is without merit and shall be denied.

**ORDER  1**

## BACKGROUND

Plaintiff filed this lawsuit in 1999 and subsequently entered into a settlement agreement with Defendants in 2003.  Plaintiff alleges that Defendants have failed to follow the settlement agreement which provided that Defendants would house Plaintiff at the Idaho Correction Institution at Orofino (ICI-O) as long as he caused no problems there.  The parties filed a Stipulation for Dismissal which states that Plaintiff's lawsuit is dismissed with prejudice and each party is to bear his own fees and costs.  *Joint Stipulation for Dismissal, Docket No. 55,* p. 1.  The Court entered an Order of Dismissal, accepting the parties' Joint Stipulation as presented to the Court.  *Order of Dismissal, Docket No. 156*.

Plaintiff alleges that he has been issued several DORs for such activities as distracting correctional officers, behaving insubordinately,  and exercising his right to free speech.  Plaintiff claims that the DORs were issued to him in order to justify his transfer to the Idaho Maximum Security Institution (IMSI).  He alleges that the actions of Defendants were evidence of retaliation against him.

Defendants filed a response to the Motion, indicating that Plaintiff was transferred to IMSI for legitimate security concerns.  Defendants also argue that Plaintiff has filed a separate retaliation claim containing the same allegations as set forth in the present action.  *See CV06-501-S-EJL, Complaint, Docket No. 3*.

**ORDER  2**

## DISCUSSION

Plaintiff's Motion requests leave to file an Order to Show Cause pertaining to Defendants' alleged contempt violations of the parties' settlement agreement. Plaintiff has failed to show that the Court has jurisdiction over the subject matter of his request. Plaintiff is requesting that the Court impose a sanction of contempt for breach of a settlement agreement which is not a court order and is not incorporated by reference into a court order. In *Kokkonen v. Guardian Life Insurance Company*, 511 U.S. 375, 380-81, 114 S. Ct. 1673, 1676 (1994), the Supreme Court held that a federal district court lacks jurisdiction to enforce a settlement agreement terminating a federal court litigation unless the court "expressly retained jurisdiction to enforce the settlement agreement" or "incorporated the terms of the settlement into the dismissal order." Because "enforcement of a settlement agreement 'is more than just a continuation or renewal of the dismissed suit,'" it "'requires its own basis for jurisdiction.'" *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997) (citing *Kokkonen*, 511 U.S. at 378-80, 114 S. Ct. at 1675-76). Ancillary jurisdiction may exist if the district court retains jurisdiction to enforce the settlement. 511 U.S. at 381, 114 S. Ct. at 1677. The Ninth Circuit has held that "an order which is merely "'based on' a settlement agreement . . . is insufficient to create ancillary jurisdiction." *O'Connor v. Colvin*, 70 F.3d 530, 532

**ORDER  3**

(9th Cir. 1995).[1]

The Order of Dismissal in this matter provides only that the Plaintiff's action was dismissed with prejudice, and the Court did not retain jurisdiction to enforce the terms of the settlement agreement. Accordingly, Plaintiff's allegations of retaliation and failure to follow the parties' settlement agreement must be pursued in a separate action based on the alleged retaliation. Plaintiff has filed such a claim, and he is currently pursuing the retaliation allegations in case number CV06-501-S-EJL.

---

[1] The Order of Dismissal in *O'Connor v. Colvin*, which was deemed insufficient to establish ancillary jurisdiction, read: Based on the Settlement Agreement amongst the parties, this Stipulation for dismissal amongst the parties, and for good cause: IT IS HEREBY ORDERED that the Action including all cross-claims and counterclaims is dismissed in its entirety with prejudice." 70 F.3d at 532.

**ORDER  4**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Order to Show Cause (Docket No. 164) is DENIED. Plaintiff shall file no further motions in this action.



DATED: **January 29, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER 5**